UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP REID,<br><br>    Plaintiff,<br><br>    v.<br><br>AMANDA M. WOOD,<br><br>    Defendant. | Case No.: 1:18-cv-01635-DAD-JLT (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO MODIFY SUBPOENA AND DENYING MOTION TO QUASH<br><br>(Docs. 22) |

## I. INTRODUCTION

On August 15, 2019, Plaintiff Phillip Reid filed a motion to quash Defendant's subpoena *duces tecum* or to request that the subpoena be modified and limited to issues and dates relevant to Plaintiff's complaint. (Doc. 22.) The subpoena seeks "all [of Plaintiff's] medical and mental records from January 1, 2018 to the present," as well as "all special incident reports, IDNs, special movement reports, team meeting notes and any other records/documents that may be stored digitally and/or electronically for [Plaintiff] … from January 1, 2018 to present." (*Id.* at 18.). Plaintiff objects to the subpoena because he claims it violates the Court's July 19, 2019 order staying this case and on because it seeks information that is irrelevant and unlikely to lead to admissible evidence. (*Id.* at 2-3.) On August 22, 2019, Defendant Amanda M. Wood filed an opposition to Plaintiff's motion. (Doc. 27). Plaintiff did not file a reply, and the Court deems the

motion submitted. *See* Local Rule 230(l).

## II. DISCUSSION

### a. Legal Standards

Under Federal Rule of Civil Procedure 45(a)(1)(C), a party may subpoena a nonparty to produce documents, electronically stored information, and tangible things. Under Rule 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case." The Court must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii).

Courts recognize a constitutional right to privacy, as well as a doctor-patient and psychotherapist-patient privilege. *See, e.g., Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *Marin Caesar v. Mountanos*, 542 F.2d 1064, 1067 (9th Cir. 1976); *Anderson v. Clawson*, No. C 13-0307 LHK (PR), 2014 WL 3725856, at *2 (N.D. Cal. July 25, 2014). However, a party's right and privilege are waived when he raises an otherwise protected matter before the Court. *See, e.g., Caesar*, 542 F.2d at 1070. For example, a party waives the psychotherapist privilege when he elects to seek monetary damages for emotional distress, since he has placed his mental condition at issue. *E.g., Enwere v. Terman Assocs., L.P.*, No. C 07-1239 JF PVT, 2008 WL 5146617, at *3 (N.D. Cal. Dec. 4, 2008); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999). However, even when a party waives his right to privacy on a matter, the waiver is limited to information that is relevant to the lawsuit. *Enwere*, 2008 WL 5146617, at *2 (citation omitted). This coincides with the Federal Rules' mandate that discovery be limited to matters that are relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

### b. Motion to Quash

Plaintiff moves to quash Defendant's subpoena on two grounds. First, Plaintiff contends that the subpoena violates the Court's July 31, 2019 order staying this case, since Defendant issued the subpoena on July 31, 2019, as well as an amended version on August 1, 2019. (Doc. 22 at 3; *see also id.* at 10, 14.) The Court finds that the subpoena constituted discovery in contravention of the Court's order, (*see* Doc. 17 at 2). However, since the Court lifted the stay on

August 21, 2019, (Doc. 25), Plaintiff's objection on this ground is moot.

Second, Plaintiff argues that the subpoena "seek[s] material that is outside the scope of this litigation, and … will potentially prejudice Plaintiff should this case be put in front of a jury." (Doc. 22 at 4.) Plaintiff also contends that the documents sought by Defendant are "irrelevant and unlikely to … lead to … admissible evidence." (*Id.*)

The Federal Rules make clear that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Thus, whether discovered material will prejudice Plaintiff at trial is not pertinent to whether discovery is allowed. If this case goes to trial, the Court will determine whether specific evidence is admissible at the trial. Thus, the question now is whether the subpoenaed materials are relevant to a party's claim or defense, whether they are privileged or otherwise protected, and whether they are subject to a waiver or exception to an implicated privilege or protection. *See* Fed. R. Civ. P. 26(b)(1); 45(d)(3)(A)(iii).

### i. Medical Records

In his complaint, Plaintiff contends that the defendant violated his right to safety as a civil detainee and failed to protect him against physical attacks by co-patients at Coalinga State Hospital. (Doc. 1 at 4; *see also* Doc. 9 at 7.) Plaintiff alleges that he reported threats to his safety to hospital doctors, psychologists, and staff, including Defendant Supervisor Woods. (Doc. 1 at 4.) In his request for relief, Plaintiff seeks $400,000 for "physical and mental anguish" suffered as a result of Defendant's alleged misconduct. (Doc. 1 at 5.) Consequently, Plaintiff has placed his physical and mental condition, as well as discussions with hospital doctors and psychologists, at issue in his lawsuit. *See Enwere*, 2008 WL 5146617, at *3. Therefore, even though Plaintiff enjoys a privacy right with respect to his medical records, and communications with his doctors and psychotherapists are privileged, Plaintiff has waived his right and privilege.

For the same reason, Plaintiff's medical records are relevant to the parties' claims and defenses. Because Plaintiff is alleging that hospital personnel failed to protect him after he warned them he was in danger, Defendant has the right to counter this allegation by contending, for example, that Defendant was unaware of Plaintiff's warnings. Additionally, because Plaintiff is arguing that physical and mental injuries entitle him to monetary damages, Defendant has the

3

right to counter this argument by arguing, for example, that any physical and emotional injuries were caused by something other than Defendant's conduct. Defendant may look to Plaintiff's medical records, including records prior to the events at issue, for that purpose.

Though Plaintiff's medical records are discoverable, the defense is entitled only to those records that are directly relevant to a party's claim or defense. *Doe*, 196 F.R.D. at 569-570. The time period at issue in the subpoenas is reasonable. January 2018 is only four months before to the first of three incidents underlying this lawsuit. Records from this period of time will allow Defendant to assess the validity of Plaintiff's allegations regarding his injuries, and whether any injuries are ongoing, without allowing a fishing expedition going back years.

### ii. Other Records

In addition to Plaintiff's medical records, Defendant seeks "all special incident reports, IDNs, special movement reports, team meeting notes and any other records/documents that may be stored digitally and/or electronically for [Plaintiff] … from January 1, 2018 to present." The Court is unaware of any privilege or protection regarding these requested materials. Regarding relevancy, Plaintiff states that he spoke to hospital staff about the incidents underlying this lawsuit and about his fear that he would be attacked by other patients. (Doc. 1 at 4.) Plaintiff states that Defendant Woods was present at one meeting with staff at which his discussed "the situation." (*Id.*) Plaintiff claims that, after this meeting, staff only sought to restrict his movement to his unit. (*Id.*) Thus, special incident reports, team meeting notes, and special movement reports are clearly relevant to Plaintiff's claims.

However, the Court finds that the catch-all phrase, "any other records/documents that may be stored digitally and/or electronically for [Plaintiff]" is overly broad, and would encompass records that may or may not be relevant to this lawsuit. For this reason, the Court will modify the subpoena by removing this catch-all phrase.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to quash subpoena, (Doc. 22), is **DENIED**;
2. Plaintiff's motion to modify subpoena, (Doc. 22), is **GRANTED in part and**

4

**DENIED in part**. Defendant's subpoena issued on July 31, 2019, including the amended subpoena issued on August 1, 2019, is modified to strike the phrase, "any other records/documents that may be stored digitally and/or electronically for the above specified patient/plaintiff."

IT IS SO ORDERED.

Dated:  **October 26, 2019**               **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE