1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11     PHILLIP REID,                          Case No. 1:18-cv-01635-DAD-JLT (PC)

12                    Plaintiff,              **FINDINGS AND RECOMMENDATIONS
                                              TO DISMISS ACTION FOR FAILURE TO
13            v.                              PROSECUTE**

14     A. WOOD,                               14-DAY DEADLINE

15                    Defendant.

16

17            On March 19, 2020, Defendant filed a motion for summary judgment. (Doc. 34.)

18     Defendant provided Plaintiff with notice of the requirements for opposing her motion under the

19     Federal Rules of Civil Procedure and Local Rules, and informed Plaintiff that failure to file an

20     opposition may result in dismissal of this action. (*Id.* at 2-3.) Despite this, Plaintiff failed to file an

21     opposition. Accordingly, on May 7, 2020, the Court issued an order to show cause, within 21

22     days, why this action should not be dismissed with prejudice for Plaintiff's failure to prosecute.

23     (Doc. 35.) The order provided that Plaintiff may alternatively file an opposition within that time.

24     (*Id.*) The Court cautioned Plaintiff that failure to comply with the order would result in a

25     recommendation that this case be dismissed with prejudice. Although more than the allowed time

26     has passed, Plaintiff has failed to file an opposition or respond to the order to show cause.

27            The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

28     "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for

1   the imposition by the Court of any and all sanctions … within the inherent power of the Court."

2   Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising

3   that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.,*

4   *City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

5   party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.,*

6   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a

7   court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir.

8   1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421,

9   1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

10      It appears that Plaintiff has abandoned this action. Whether Plaintiff has done so

11   mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the

12   Court's orders and Local Rules. The Court declines to expend its limited resources on a case that

13   Plaintiff has chosen to ignore.

14      Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED with

15   prejudice for Plaintiff's failure to prosecute and obey a court order. These Findings and

16   Recommendations will be submitted to the United States District Judge assigned to this case,

17   pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these

18   Findings and Recommendations, Plaintiff may file written objections with the Court. The

19   document should be captioned, "Objections to Magistrate Judge's Findings and

20   Recommendations." Plaintiff's failure to file objections within the specified time may result in

21   waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing

22   *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24   IT IS SO ORDERED.

25      Dated:   **June 11, 2020**                    **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE
26

27

28

2